JOSIAH LEONARD *vs.* GEORGE W. WHITE, JR.

If, in an action by a mortgagee of personal property against a deputy sheriff who has attached the same on a writ against the mortgagor, the defendant has agreed in writing that he will defend "only upon the ground that the mortgage is invalid or has been settled," the plaintiff is not bound to prove that he has made a statement and demand of payment of the money due to him, in accordance with Gen. Sts. *c.* 123, §§ 62, 63.

METCALF, J. This action is brought against a deputy sheriff to recover damages for his attaching a carriage and harness on a writ against John Wadsworth, Jr., who had previously mortgaged them, with various other personal property, to the plaintiff. The answer of the defendant admitted that he attached those chattels, but averred that the plaintiff was not the owner of them, and that he had no claim or title to them. Before the trial, (which was in the superior court,) a paper was signed by the defendant's attorney, of the following tenor: " Norfolk ss. Superior Court. Leonard *v.* White. It is hereby agreed that the defendant, at any future trial of said action, will defend only upon the ground that the mortgage relied on by the plaintiff is invalid, or has been settled so far as respects the property involved in this action." At the trial, the defendant asked the court to rule that it was incumbent on the plaintiff, in order to maintain his action, " to show that a statement and demand, as to his mortgage debt, were made in accordance with the Gen. Sts. *c.* 123, §§ 62, 63." Thereupon the plaintiff introduced the foregoing paper, and the court refused to rule as requested. A verdict was returned for the plaintiff, and the defendant alleged exceptions to that refusal of the court.

The defendant now contends, in his brief, that " the purpose of his agreement was only to dispense with the formal proofs of the execution of the mortgage, but to leave open all other questions which his answer might raise." But we think that the only construction which the agreement admits is, that the defendant, at the trial, would attempt no defence to the plaintiff's action on any ground, except that the mortgage was invalid or

had been discharged as to the carriage and harness. As he failed to sustain either of those grounds of defence, the court properly refused to make the ruling which he requested. The want of proof that the plaintiff made a statement of his claim under the mortgage, and a demand of payment thereof, would not have warranted the jury in finding that the mortgage was invalid or had been discharged.

*J. Q. A. Griffin,* for the defendant.

*A. L. Cushing,* for the plaintiff.

*Exceptions overruled.*